IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH R. WYSOCKI, on behalf of plaintiff and the classes described herein,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY NATIONAL BANK; and CSI FINANCIAL SERVICES LLC;<br><br>        Defendants. | 10 CV 3850<br><br>Magistrate Judge Gilbert |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1. Solely for purposes of settlement, the following Settlement Class is provisionally certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who, from June 21, 2009 to July 11, 2010, were mailed a letter on behalf of City National Bank with the subject line "Re: Important Information about Your Health Care Account with Florida Hospital . . . ," and who were subsequently sent account statements and/or late notices on behalf of City National Bank, regardless of whether such persons paid any portion of their principal hospital balance, late fees or finance charges to City National Bank.

2. Based on the parties' stipulations, and for settlement purposes only: (A) the class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of

law and fact predominate over any questions affecting only individual Class Members, and include whether or not Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Truth In Lending Act, 15 U.S.C. § 1642 ("TILA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA"), through offers to Class Members to establish revolving lines of credit to pay their outstanding debts to Florida Hospital, and whether such Class Members are entitled to declaratory relief; (C) the claim of Plaintiff Kenneth R. Wysocki is typical of the Class Members' claims; (D) Plaintiff Kenneth R. Wysocki is an appropriate and adequate representative for the Class and his attorneys, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Francis R. Greene, and the law firm Edelman, Combs, Latturner and Goodwin, LLC, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

    3. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it. In the event that the proposed settlement is not finally approved for any reason, Defendants shall, pursuant to the Settlement Agreement, retain their right to contest certification of the Class.

    4. The Court approves the proposed form of notice to the Class, and directs that notice be implemented in accordance with the Settlement Agreement. Class Counsel shall file an affidavit(s) with the Court, at least 5 business days prior to the Final Approval Hearing, attesting that notice has been so given.

    5. The Court finds that the notice proposed in paragraph 2.4 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6. Class Counsel will cause Class Notice to be mailed within twenty-eight (28) days from the date of this Order. Class Members shall have eighty-eight (88) days from the date of this Order to send in a claim form, opt out or object to the proposed Settlement Agreement.

7. Any Class Member who wants to receive a monetary portion of the Settlement Fund shall submit a Claim Form, which will be mailed with the Class Notice. To be timely, a fully completed Claim Form must be sent to the Settlement Administrator (address for which will be provided on the Claim Form) and postmarked within eighty-eight (88) days of the date of this Order.

8. Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement Agreement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to Class Counsel and Defendants' Counsel (address for which will be provided on the Claim Form) eighty-eight (88) days from the date of this Order.

9. The request for exclusion must contain the excluded Class Member's name, address, and signature.

10. Any Class Member who objects to the settlement contemplated by the Settlement Agreement shall have a right to appear and be heard at the Final Approval Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's counsel a written notice of objection together with a statement of reasons for the objection, postmarked no later than eighty-eight (88) days from the date of this Order. Class Counsel and Defendant's counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than five (5) days prior to the Final Approval Hearing.

11. A Final Approval Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on July 14, 2011 at 1:00 p.m.

SO ORDERED this 16th day of _March_____, 2011.

_____
Honorable Jeffrey T. Gilbert
United States Magistrate Judge